UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00225-FDW
(3:12-cr-00188)

| | |
|---|---|
| JAIMEL KENZIE DAVIDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner Jaimel Kenzie Davidson's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 on April 27, 2017. (Doc. 1). For the reasons set forth below, Petitioner's motion is denied.

I. PROCEDURAL HISTORY

Petitioner was indicted in Case 3:12-cr-00188 for conspiracy to participate in racketeering activity (RICO conspiracy) in violation of 18 U.S.C. § 1962(d)(Count 1), along with three co-defendants, Kentrell McIntyre, Perry Williams, and Nathaniel Graham. (Case 3:12-cr-00188, Doc. 280). Petitioner (a/k/a "I-Shine") and the co-defendants were alleged to be members and/or associates of the United Blood Nation gang ("UBN"). Petitioner was also charged with attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5)(Count 15). Id.

The UBN originated out of New York in the 1990s and has spread across the eastern United States, including North Carolina, where the gang and its members have been accused of being responsible for numerous acts of criminal activity and acts of violence. (Case 3:12-cr-00188, Doc. 280, p. 1-19). The indictment charged that the UBN constituted a racketeering enterprise, that the defendants were employed by and associated with the UBN and did knowingly and intentionally

1

conspire to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity, including performing or causing to be performed numerous overt acts in furtherance of the conspiracy. Id. The indictment also charged that each defendant agreed that a conspirator would commit at least two acts constituting racketeering activity in the conduct of the affairs of the Enterprise. Id. at p. 11.

It was alleged that on June 23, 2011, suspected UBN members participated in a telephone conference wherein they discussed the attempted murder of incarcerated inmate DeRay Jackson. (Case 3:12-cr-00188, Doc. 820, p. 23; Trial Exhibit 13). It was further alleged that on June 27, 2011, several days after the telephone conference, Petitioner attempted to murder inmate Jackson in prison by walking up behind him and cutting him with a slashing weapon. (Case 3:12-cr-00188, Doc. 849, p. 35-38, 82-87).

Petitioner moved for a judgment of acquittal as to both Counts 1 and 15 on grounds that there was insufficient evidence that he was a member of the UBN or part of any conspiracy. (Case 3:12-cr-00188, Doc. 884, p. 13-20). The Court denied the motion in light of the evidence presented that Petitioner committed the assault shortly after the telephone conference, had dog paw tattoos (a known symbol of UBN members), was known as "I-Shine" ("shine" being a known gang term), stated shortly after the attack "Big Homie Ja" (gang terminology), and that it was not uncommon for a gang to use a member who was soon to be released from prison (as was Petitioner) to commit such acts. Id.

Petitioner was convicted of conspiracy to participate in racketeering activity (RICO conspiracy)(Count 1) but was found not guilty as to attempted murder in aid of racketeering)(Count 15). (Case 3:12-cr-00188, Doc. 493). This Court sentenced Petitioner to 150 months in prison. (Case 3:12-cr-00188, Doc. 921, p. 35). The Fourth Circuit Court of Appeals

2

affirmed Petitioner's direct appeal of his conviction.  United States v. Jaimel Kenzie Davidson, 639 F. App'x 171 (4th Cir. 2016).  The Supreme Court denied Petitioner's petition for writ of certiorari.  Davidson v. U.S., 137 S.Ct. 292 (2016).

Petitioner filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 27, 2017, raising the following claims: 1) improper jury instructions and ineffective assistance of counsel for failure to object to the instructions and 2) ineffective assistance of counsel for failure to move for a severance of trials. (Doc. 1).  The Government filed its response on June 15, 2017. (Doc. 3).  Petitioner was granted an extension of time in which to submit a reply by September 11, 2017 but failed to do so.  (Docs. 5, 6).  This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Section § 2255 is designed to correct fundamental errors which would "inherently result[ ] in a complete miscarriage of justice."  United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).  In a § 2255 proceeding, the petitioner bears the burden of proving his claims by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

3

### III.    DISCUSSION

####    A.    Request for Evidentiary Hearing

Petitioner requests this Court hold an evidentiary hearing on his motion. (Doc. 1-1, p. 2). The determination of whether to hold an evidentiary hearing is ordinarily left to the sound discretion of the court. Raines v. United States, 423 F.2d 526, 530-531 (4th Cir. 1970). "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Upon review of Petitioner's § 2255 claims and the record, the Court concludes that Petitioner's claims can be resolved without an evidentiary hearing. Accordingly, Petitioner's request for an evidentiary hearing is denied.

####    B.    Ineffective Assistance of Counsel Claims

#####        1.    Legal Standard

The right to counsel guaranteed by the Sixth Amendment includes the "right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970)). To successfully challenge a conviction under § 2255 based on ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland, which requires the petitioner show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 688, 692.

4

The first prong requires that the petitioner show that counsel's performance was deficient by articulating specific acts or omissions that fell "outside the wide range of professionally competent assistance." Id. at 690. However, when reviewing these alleged acts or omissions, courts must give substantial deference to counsel's strategic judgments. Id. at 691. This requires the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Burt v. Titlow, 571 U.S. 12, 22, 134 S.Ct. 10, 187 L.Ed. 348 (2013)(quoting Strickland, 466 U.S. at 690). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)(quoting Strickland, 466 U.S. at 687)).

To establish prejudice under the second prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694. The petitioner must show that counsel's error worked to his "actual and substantial disadvantage," not merely that it created a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648 (1986)).

The court need not analyze both prongs if petitioner makes "an insufficient showing on one." Debreus v. United States, 2012 WL 3686250, *3 (D.S.C. Aug. 24, 2012)(citing Strickland, 466 U.S. at 697)). Failure to satisfy either prong is fatal to a petitioner's claim. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992)).

## 2. Failure to Object to Jury Instructions

Petitioner argues that as to the RICO conspiracy charge (Count 1), the Court improperly instructed the jury that Petitioner could be found by mere association. (Doc. 1-1, p. 7-8). Petitioner complains that the jury found him guilty of Count 1 by mere association, despite finding him not guilty of attempted murder in aid of racketeering in Count 15, which instructed the jury that he must hold some type of position in the enterprise. Petitioner states that mere association to the enterprise does not support a criminal act and cannot support his conviction for RICO conspiracy. Petitioner alleges that counsel was ineffective for failing to object to the improper jury instruction. (Doc. 1-1, p. 7-9, 13-14).

The Government argues that the Court properly instructed the jury as to the RICO conspiracy charge, consistent with the pattern jury instructions used by the appellate courts. (Doc. 3, p. 14). The Government points out that the Court's instructions required the jury to find more than mere association with the RICO enterprise. Id. at 15. The Government notes that while it disagreed with defense counsel over some language in the instructions, each of the attorneys agreed overall that the instructions adequately stated the applicable law. Id. Finally, the Government argues that to the extent Petitioner seeks to challenge the jury instructions, his claim is procedurally defaulted because he failed to challenge the jury instructions in his direct appeal. Id. at 16.

The record reflects that the Court and counsel reviewed the proposed jury instructions for Count 1 in detail, initially working off of the proposed instruction prepared by Petitioner's counsel which followed pattern jury instructions from several circuits. (Case 3:12-cr-00188, Doc. 823, p. 21-61). Counsel and the Court engaged in a lengthy discussion regarding the appropriate language to include in the jury instructions. Id.

The final jury instructions provided to the jury for Count 1 set forth the applicable law for RICO conspiracy, defined each element, and explained what the Government was required to prove to satisfy each element. (Case 3:12-cr-00188, Doc. 823, p. 116-138, 122-123). This included the Court's instructions regarding the Government's burden of proof with regard to the defendants' connections and involvement to the enterprise. Id. The Court instructed the jury that the Government must prove each defendant was associated with or employed by the enterprise, with "associated" meaning that the "person must be involved with the enterprise in a way that is related to its affairs." Id. at 127-128. The Court further instructed the jury that the Government was required to prove that the defendant knew of the existence of the enterprise and nature of its activities and participated in some manner in the overall objective of the conspiracy. Id. at 128, 135. The Court explained that the Government was not required to prove that any acts were taken in furtherance of the conspiracy, but that it was the unlawful agreement that was the focus of the RICO conspiracy. Id.

Petitioner fails to demonstrate any errors with the Court's jury instructions as to Count 1. As such, Petitioner cannot show that counsel was ineffective for failing to object to the Court's instructions, or that a different outcome would have resulted had counsel objected. Therefore, Petitioner's claim of ineffective assistance is denied. Additionally, because Petitioner failed to challenge the Court's jury instructions in his direct appeal, his claim of error regarding the jury instructions is procedurally defaulted. A claim of error that was not raised on direct appeal is procedurally defaulted and is not cognizable on collateral review because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); see also United States v. Pettiford, 612 F.3d 270, 279 n. 7 (4th Cir. 2010).

To overcome a procedural default, a petitioner must show either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "Cause" for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). "Actual prejudice" is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must show "actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d at 493. Petitioner cannot demonstrate cause, nor can he show the necessary prejudice or actual innocence required to excuse procedural default in light of the evidence presented at trial that he assaulted inmate Jackson in furtherance of the UBN.

### 3. Failure to File Motion to Sever

Petitioner claims that counsel was ineffective for failing to file a motion to sever his trial from that of the co-defendants and that a different outcome would have resulted had counsel done so. Petitioner alleges that the co-defendants were willing and available to testify in a separate trial that Petitioner was not a UBN member, was not affiliated with the UBN or acting on its behalf, and was not aware of the plot against inmate Jackson. (Doc. 1-1, p. 6, 14-15, 17-19). Petitioner states that competent counsel would have moved for a severance in order to benefit from this potential testimony. (Doc. 1-1, p. 18).

The Government maintains that it presented ample evidence that Petitioner was a UBN member and that Petitioner's attack on inmate Jackson was in furtherance of the UBN. (Doc. 3, p. 17). The Government argues that Petitioner presents no evidence to support his assertion that the co-defendants would have testified on his behalf if his trial had been severed or that he would have been acquitted had the trial been severed. Id.

Under Rule 14 of the Federal Rules of Criminal Procedure, "[i]f the joinder of ... defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may...sever the defendants' trials..." Fed. R. Crim. P. 14(a). However, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Federal Rule of Criminal Procedure 8(b) provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The rule permits broad joinder "because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005)(quoting United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003)). Joinder is specifically favored in conspiracy cases. United States v. Montgomery, 262 F.3d 233, 244 n. 5 (4th Cir. 2001).

Petitioner's claims are conclusory and lack factual support to establish any ineffectiveness on part of trial counsel for failing to file a motion to sever. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004)("[C]onclusory allegations are insufficient to establish the requisite prejudice under Strickland). Petitioner cannot show that counsel was deficient in failing to move for a severance nor can Petitioner show that he suffered any prejudice as a result of counsel's failure to do so. Petitioner and the co-defendants were indicted together and were alleged to have

9

been part of the UBN enterprise and engaged in a conspiracy to participate in racketeering activity. The Government put forth sufficient evidence at trial to support the jury's finding that Petitioner was connected to the UBN enterprise and acted on its behalf and/or in furtherance of its objectives when Petitioner assaulted inmate Jackson. The Fourth Circuit upheld Petitioner's, direct appeal finding sufficient evidence to support his conviction. See United States v. Jaimel Kenzie Davidson, 639 F. App'x 171 (4th Cir. 2016), cert. denied 137 S.Ct. 292 (2016). Petitioner presents no evidence to support his assertion that had counsel moved for a separate trial, that the co-defendants would have testified that Petitioner was not a UBN member and did not attack inmate Jackson in furtherance of the UBN. Petitioner cannot establish that a different outcome would have resulted had counsel moved for a severance. Therefore, Petitioner's claim of ineffective assistance for failing to move to sever is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1).

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)(in order to satisfy §2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition state a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED.**

2. This Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 18, 2021

Frank D. Whitney
United States District Judge